IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST VADEN,

      Plaintiff,                    No. CIV S-06-1836 GEB KJM P

    vs.

DEFENDANTS OF HIGH
DESERT STATE PRISON,

      Defendant.               ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1  The court finds the allegations in plaintiff's complaint so vague and conclusory
2  that it is unable to determine whether the current action is frivolous or fails to state a claim for
3  relief.  The court has determined that the complaint does not contain a short and plain statement
4  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
5  policy, a complaint must give fair notice and state the elements of the claim plainly and
6  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
7  must allege with at least some degree of particularity overt acts which defendants engaged in that
8  support plaintiff's claim.  Id.

9  Plaintiff refers to another lawsuit, Vaden v. Summerhill, Civ. No. S-03-2290,
10 which was eventually dismissed after the Ninth Circuit concluded plaintiff had not completed
11 exhausting his administrative remedies before he filed suit.  See Vaden v. Summerhill, 449 F.3d
12 1047 (9th Cir. 2006).  However, this court cannot refer to the complaint in that case to make this
13 pleading complete.  Local Rule 15-220.  In this new complaint, each claim and the involvement
14 of each defendant must be sufficiently alleged.

15 Because plaintiff has failed to comply with the requirements of Federal Rule of
16 Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave
17 to file an amended complaint.

18 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
20 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
21 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
22 there is some affirmative link or connection between a defendant's actions and the claimed
23 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
24 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
25 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
26 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

6. Plaintiff's request for the appointment of counsel is denied.

DATED: February 5, 2007.

_____
U.S. MAGISTRATE JUDGE

2/vade1988.14a

4