IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST VADEN,

    Plaintiff,                      No. CIV S-06-1836 GEB KJM P

    vs.

OFFICER SUMMERHILL, et al,

    Defendant.               ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed motions to compel discovery, a motion for additional time in which to compel the defendants to comply with his requests for discovery and a request to file an amended complaint. Defendants have filed a motion for an extension of time in which to file a motion for summary judgment.

I. <u>Motion To Compel Discovery Dated December 19, 2007</u>

        Plaintiff seeks to compel defendants' responses to requests for production of documents and interrogatories mailed on or about October 3, 2007. He also suggests that because of lockdowns, he could not get to the law library to order paper and manila envelopes to prepare and mail either additional discovery requests or motions to compel discovery. Motion to Compel I (MTC), Ex. 5.

Defendants have not opposed this motion or indicated whether they received the discovery requests attached as exhibits 2 through 4 to the motion. The court seeks input from counsel for defendants regarding the resolution of this motion, including whether it may be deemed timely in light of plaintiff's alleged problems in securing paper and envelopes.

II. Motion To Compel Discovery, Dated January 14, 2008

Plaintiff renews his motion to compel defendants to provide documents, alleging that his requests, mailed October 3, have been ignored. Because this is the subject of his earlier motion, which the court will resolve on the merits, this later motion will be denied as duplicative.

Plaintiff also takes issue with the responses to several of his requests for admission. He argues that his requests were plain and could be answered with yes or no responses.

Although requests for admission under Federal Rule of Civil Procedure 36 are governed by the same relevance standards set forth in Federal Rule of Civil Procedure 26(b), such requests are not, strictly speaking, discovery devices. Workman v. Chinchinian, 807 F.Supp. 634, 647 (E.D. Wash. 1992) (Rule 26 relevance standards apply); Misco, Inc. v. United States Steel Corporation, 784 F.2d 198, 205 (6th Cir. 1986) (not a discovery device). Because admissions are designed to limit factual issues in the case,

> the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. . . . To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed.

Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Moreover, requests for admission should not contain "compound, conjunctive, or disjunctive . . . statements." U.S.

/////
/////
/////

ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006). However,

> [w]hen the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request.

Id. Finally, requests for admission should not be used to establish "facts which are obviously in dispute," Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997), to "demand that the other party admit the truth of a legal conclusion," even if the conclusion is "attached to operative facts," or to ask the party to admit facts of which he or she has no special knowledge. Disability Rights Council v. Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006).

In this case, defendants did admit or deny most of plaintiff's requests even while interposing objections. Plaintiff's dissatisfaction with the responses are not an appropriate basis for a motion to compel. The court addresses below those requests defendants did not address.

### A. Defendant Summerhill

Defendant Summerhill did not admit or deny request seven on the ground that it was unclear to which "115" (rules violation or disciplinary report) it referred. Whether or not this request is vague, the court finds it is not an appropriate request for admission because it asks for information that will not limit the factual issues in the case, focusing on the aftermath of the violent interaction between petitioner and his cell-mate.

### B. Defendant St. Andre

Defendant St. Andre preserved objections, but nevertheless admitted or denied many of the requests plaintiff propounded. The court finds defendant St. Andre's objection to requests five and ten to be unavailing: without an "overly technical" reading of the requests, the purpose of the requests is clear. However, requests six, seven and eleven cannot easily be answered without clarification; defendant's objections to these are well-taken. Request eight asks defendant St. Andre to admit or deny things that might easily be outside his knowledge, while request nine presumes that he answered affirmatively to request eight.

1    C. Defendant Gower

2    Defendant Gower admitted or denied requests one through eleven even while
3 interposing objections. In request twelve, plaintiff asked defendant to admit whether it "is . . .
4 the policy to separate inmates once notified on imminet [sic] physical threat to an inmates [sic]
5 safety; Gower responded that "it depends on the circumstances of each incident." Because the
6 facts of the request were not "singularly, specifically, and carefully detailed," the response was
7 adequate.

8    D. Defendant Chapman

9    Defendant Chapman admitted or denied requests one through eleven, fourteen and
10 sixteen, while maintaining his objections. Plaintiff's unhappiness with these responses does not
11 support an order compelling different answers. Request twelve is not relevant to the action and
12 request fifteen concerns a fact in dispute. Request thirteen is a request that may be admitted or
13 denied easily; the claim of state privilege does not control in federal litigation. Kerr v. District
14 Court, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976) (refusing to apply
15 California Evidence Code section 1040 in section 1983 action).

16 III. Request To File An Amended Complaint

17    The proposed amended complaint adds a First Amendment claim against
18 defendant St. Andre, but does not otherwise change the nature of the claims. Plaintiff has
19 presented nothing explaining why he did not include this claim in the original complaint.

20/21/22
> Five factors are taken into account to assess the propriety of a
> motion for leave to amend: bad faith, undue delay, prejudice to the
> opposing party, futility of amendment, and whether the plaintiff
> has previously amended the complaint.

23 Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). In this case, there is nothing
24 suggesting that plaintiff was unaware of the nature of the complaint when he filed the action and
25 he has not explained why he waited until now to raise the claim. The motion is not well-taken.
26 /////

IV. <u>Requests For Extensions Of Time</u>

Although plaintiff claims he needs additional time for discovery, he has shown that defendants responded to his requests for admissions, even when those were submitted late. However, plaintiff may renew the motion if necessary following resolution of the motion to compel filed December 19, 2007.

Defendants' request for an extension of time in which to file a motion for summary judgment is granted. All parties are granted an additional sixty days in which to file dispositive motions.

V. <u>Request To Change Deposition Responses</u>

On January 28, 2007, plaintiff filed a motion to correct specific deposition responses. His request should be addressed to the person who took the deposition, so long as he has satisfied the procedural requirements associated with such a request. <u>Agrizap, Inc. v. Woodstream Corp.</u>, 232 F.R.D. 491 (E.D. Pa. 2006); Fed. R. Civ. P. 30(e).

IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, defendants are directed to notify the court as to their position on plaintiff's December 19, 2007 motion to compel;

2. Plaintiff's motion to compel dated January 14, 2008 (docket no. 27) is granted in the following particulars but denied in all other respects:

   a. Defendant St. Andre is directed to respond to requests for admission five and ten within thirty days of the date of this order; and

   b. Defendant Chapman is directed to respond to request thirteen within thirty days of the date of this order;

3. Plaintiff's December 19, 2007 request for an extension of time (docket no. 24) is denied without prejudice;

/////

/////

4. Defendants' requests for an extension of time (docket nos. 28, 31 and 33) are granted, and defendants' February 13, 2008 motion for summary judgement (docket no. 35) is deemed timely;

5. Plaintiff's January 28, 2008 motion to change specific deposition responses (docket no. 30) is denied; and

6. The dates for filing pretrial statements, pretrial conference, trial confirmation hearing and trial as set in the scheduling order of August 10, 2007 are hereby vacated, to be reset if necessary following the resolution of dispositive motions.

DATED: March 26, 2008.

_____
U.S. MAGISTRATE JUDGE

2

vade1836.eot+