IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST LEE VADEN,

      Plaintiff,                      No. CIV S-06-1836 GEB KJM P

     vs.

OFFICER SUMMERHILL, et al.,

      Defendant.            <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On December 19, 2007, plaintiff filed a motion to compel discovery; on March 27, 2008, the court directed the defendants to address the merits of that motion; this motion is now fully briefed.

        Plaintiff has also filed a request to secure information. This matter is before the court.

I. <u>Motion To Compel (Docket No. 25)</u>

        According to this court's scheduling order, discovery was to be completed and motions to compel filed by November 30, 2007 and all requests for discovery were to be served by October 1, 2007, sixty days before the discovery cut-off date. Docket No. 14 at 5.

/////

Plaintiff alleges that he could not file his motion to compel earlier because he had recently been transferred to California Substance Abuse Treatment Facility (CSATF) and was on orientation status, without access to the law library or to materials with which to prepare his discovery requests until November 30. Reply at 2 & Ex. B at 12.[1]  He also alleges that he could not mail them until December 2 because November 30 was not a mail out day.  Id. at 2; Motion to Compel at 2.[2]  Finally, he alleges that these discovery requests were duplicates of requests he had mailed to defendants' counsel on October 3, 2007, but which appeared not to have reached her.

Defendants have opposed the motion, noting the untimeliness of the motion itself and the fact that plaintiff's legal mail log shows that nothing was mailed to the Attorney General's Office on or about October 3, 2007.  Opposition (Opp'n), Ex. B.  Plaintiff concedes he has no explanation for the fact that his legal mail log does not reflect this mailing.  Reply at 3-4. He does not attach a trust account withdrawal for postage or any other document supporting his claim.

Even with supporting documentation, however, plaintiff's requests, mailed on October 3, were untimely; according to the scheduling order, discovery requests were to be served by October 1.  Plaintiff does not address why he could not comply with that deadline.

II. <u>Request For Information</u> (Docket No. 41)

Plaintiff has asked the court to secure information about various inmates who, he alleges, were percipient witnesses to the interaction between himself and the defendants in this case.  This request is, in essence, a discovery request; plaintiff does not explain why he did not pursue these matters in discovery.

---

[1] The court is using the page numbers assigned by its CM/ECF system.

[2] Plaintiff's attachment 6 shows only that another inmate countersigned some proofs of service on December 2; they do not demonstrate that mail would not be processed on November 30.

2

1  IT IS THEREFORE ORDERED that:

2  1. Plaintiff's motion to compel (docket no. 25) is denied;

3  2. Plaintiff's request for information (docket no. 41) is denied; and

4  3. Plaintiff is given an additional thirty days from the date of this order in which

5  to file an opposition or a statement of non-opposition to defendants' motion for summary

6  judgment.

7  DATED: June 5, 2008.

_____
U.S. MAGISTRATE JUDGE

2
vade1836.mtc(2)